The Honorable Sandy Praeger State Senator, 2nd District State Capitol, Room 128-S Topeka, Kansas 66612-1504
Dear Senator Praeger:
As senator for the second district, you request our opinion regarding whether K.S.A. 25-4301 et seq. are applicable to members of congress, permitting the recall of such elected public officials.
The application of K.S.A. 25-4301 et seq. is regulated by K.S.A.25-4304 which provides in part:
 "(a) K.S.A. 25-4305 to 25-4317, inclusive, apply only to recall of the governor, members of the legislature, any public officials elected by the electors of the entire state and members of the state board of education. For the purpose of this act, officers mentioned in this subsection are state officers.
. . . .
 "(c) K.S.A. 25-4318 to 25-4331, inclusive, apply only to recall of all elected public officials who are provided by law to be elected at an election conducted by one or more county election officers, except those officers specified in subsections (a) and (b). For the purpose of this act, officers to which this subsection apply are `local officers.'" (Emphasis added.)
We are of the opinion that members of congress are neither state officers nor local officers as defined in K.S.A. 25-4304. In Lamar v.United States, 241 U.S. 103, 36 S.Ct. 535, 60 L.Ed. 912 (1915), the United States Supreme Court held that a member of the United States house of representatives is an officer acting under the authority of the United States. Lamar, 241 U.S. at 113. While we did not find any Kansas authority on this issue, other jurisdictions have commonly reached the following conclusion:
 "There can be no doubt that a member of Congress is not, strictly speaking, a state officer. He does not represent the state, but represents the people of the United States in the district from which he is elected. He is a United States officer." Harless v. Lockwood, 332 P.2d 887, 888 (Ariz. 1958). See also Ekwall v. Stadelman, 30 P.2d 1037 (Or. 1934); State ex rel. Carroll v. Becker, 45 S.W.2d 533 (Mo. 1932).
Therefore, the recall authority pursuant to K.S.A. 25-4301 et seq., does not apply to members of the United States congress.
It is advocated that the tenth amendment to the United States constitution may provide for the citizens of states to petition for recall of federally elected officials. The tenth amendment of the United States constitution provides:
 "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the states respectively, or to the people." U.S. Const., Amend. 10.
The power to regulate the members of congress, however, has been reserved by the constitution to the respective house of congress. Article 1, section 5 of the United States constitution provides:
 "Each House shall be the Judge of the Elections, Returns, and Qualifications of its own Members. . . .
 "Each House may determine the Rules of its Proceedings, punish its Members for disorderly Behavior, and, with the Concurrence of two-thirds, expel a Member." U.S. Const., art. 1, sec. 5.
Under this section of the constitution it has been uniformly held that jurisdiction to determine the right of a member of congress to a seat is vested exclusively in the houses themselves. See Barry v. United States,279 U.S. 597, 49 S.Ct. 452, 73 L.Ed. 867 (1928); State ex rel. Smith v.District Court, 145 P. 721 (Mont. 1914). See also Thorsted v. Gregoire, 1994 WL 37838 (W.D.Wash. February 10, 1994). The decision of the United States Supreme Court in Burton v. United States, 202 U.S. 344,26 S.Ct. 688, 50 L.Ed. 1057, (1905), supported this conclusion:
 "The seat into which he was originally inducted as a Senator from Kansas could only become vacant by his death, or by expiration of his term of office, or by some direct action on the part of the Senate in the exercise of its constitutional powers." Burton, 202 U.S. at 369.
Therefore, the United States constitution reserves to the houses of congress the authority to judge the qualifications of their respective members and to punish or expel their members. As such power has been delegated to the federal government by the United States constitution, the United States constitution does not provide for any reservation of authority to the states to remove from office congressional officeholders.
It is also advocated that the articles of confederation provide support that states have authority to recall members of congress from office. The articles of confederation originally attempted to reserve to each state the power to recall the congressional members. However, the constitutional convention deleted the provision during the drafting of the United States constitution. Farrand, Records of the FederalConvention, Volume I, 217. The United States constitution was ratified without the provision despite some opposition to the deletion of the recall language. See, Speech of Nicholas at the Virginia Convention quoted in Haynes, The United States Senate, Its History and Practice, 1023, n. 2 (1938). Since the ratification, all attempts to amend the United States constitution to provide a recall provision have failed.
In conclusion, a member of congress is neither a state officer nor local officer pursuant to K.S.A. 25-4304 and therefore is not subject to recall pursuant to K.S.A. 25-4301 et seq. The United States constitution has delegated to congress the power to determine the qualifications of its own members and expel its members when necessary. Since this is a power reserved for the individual houses of congress, the tenth amendment of the United States constitution does not reserve to the states the authority to remove members of congress from office. K.S.A. 25-4301 etseq., are not applicable to members of congress.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Attorney General of Kansas
RTS:JLM:RDS:jm